UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIRK KREUTZIG and ORION-4-SIGHT LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | 15 C 448 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| JOHN GALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The pertinent background of the parties' dispute is set forth in *Galley v. Kreutzig*, Case No. 2:15-cv-00047-JDL, 2015 WL 2349373 (D. Me. May 15, 2015). In that opinion, Judge Levy of the District of Maine denied the motion of Kurt Kreutzig (our plaintiff, Judge Levy's defendant) to dismiss the suit brought by John Galley (our defendant, Judge Levy's plaintiff) for lack of personal jurisdiction or to transfer that suit under 28 U.S.C. § 1404(a) to the Northern District of Illinois.

Galley filed his suit against Kreutzig in Maine state court on December 5, 2014, and Kreutzig later removed it to the District of Maine. Kreutzig and his corporation (together, "Kreutzig") filed this suit against Galley in this court on January 16, 2015, ten days after being served with Galley's Maine suit. *See Galley*, 2015 WL 2349373, at *6. The suits are mirror images of one another. In his suit, Galley seeks a declaration that he and Kreutzig jointly own a particular business venture, and further seeks damages for breach of contract and fraud. In this suit, Kreutzig seeks a declaration that Galley is *not* a co-owner of the business venture, and further seeks damages for breach of contract, tortious interference, and unjust enrichment. The fact that Kreutzig's company is a plaintiff in this suit and not a defendant in the Maine suit is

1

immaterial to the transfer analysis given the lack of any daylight between Kreutzig's interests and the interests of his company or between the pertinent facts in both suits.

Enough of the events giving rise to Kreutzig's claims occurred in Illinois to hold that venue is proper in this District. *See* 28 U.S.C. § 1391(b)(2). But upon carefully considering the relevant factors, the court concludes that this case should be transferred to the District of Maine under § 1404(a).

Many of the typically significant § 1404(a) factors do not tip the scales in either direction here. Because the court is faced with two essentially mirror-image cases proceeding in two different courts, Kreutzig's choice of an Illinois forum "loses its significance entirely; each case has a plaintiff, and one of them will necessarily be disturbed." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010). Also, because both suits seek declaratory relief as well as damages, this is not a situation "where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief," in which the court should "ordinarily give priority to the coercive action, regardless of which case was filed first." *Id*. at 980. Moreover, as Judge Levy concluded, the private interest and public interest factors are largely a wash. *See Galley*, 2015 WL 2349373, at *6-7.

Kreutzig contends that the convenience and availability of witnesses counsels against transferring this suit to Maine. Judge Levy was not provided a list of potential witnesses and so discounted this factor in his analysis. *See* 2015 WL 2349373, at *6 ("Neither party identifies with any specificity a critical or necessary witness whose availability could hinge on the choice of venue."). The parties have now exchanged Rule 26(a)(1) disclosures in this suit and, according to Kreutzig, more of Galley's proposed witnesses live in Illinois than in Maine. Doc. 58 at 4-5. Yet by the court's count only four of Galley's proposed witnesses live in Illinois,

2

compared to six who live in Maine. *Id*. at 7-9.  Granted, several of the proposed witnesses do not have addresses listed, and so might also live in Illinois; then again, they might not, and the tally does not include the Maine residents who funded Kreutzig and Galley's alleged joint venture on Kickstarter. *Ibid*.; *see Am. Med. Ass'n v. 3Lions Publ'g, Inc.*, 2015 WL 1399038, at *6 (N.D. Ill. Mar. 25, 2015) (inquiring which is the "more convenient forum for … the majority of the relevant witnesses").

Kreutzig also asserts that individuals from the Illinois Attorney Registration & Disciplinary Commission—who, according to Kreutzig, could testify about Galley's alleged duties as Kreutzig's attorney—"would not voluntarily appear" at trial. Doc. 40 at 14.  But if those individuals were unwilling to appear in Maine, Kreutzig could depose them (by video if he desired) in Illinois and present their testimony via deposition in Maine.  *See* Fed. R. Civ. P. 45(a)(2), (b)(2) ("A subpoena must issue from the court where the action is pending. … A subpoena may be served at any place within the United States."); Fed. R. Civ. P. 32(a)(4)(D) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds … that the party offering the deposition could not procure the witness's attendance by subpoena").  And, were this case to remain in this District, the burden on non-party witnesses would simply shift to those who reside outside of Illinois, making it a wash.  *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009) (concluding that witness availability was a non-factor because "whether the case is transferred or retained, some witnesses will reside more than 100 miles from the courts and therefore outside of the Courts' subpoena power").  Accordingly, contrary to Kreutzig's submission, witness convenience and availability does not counsel against transferring the case to Maine.

The dispositive § 1404(a) considerations here are that Galley filed the Maine suit first and that Judge Levy denied Kreutzig's motion to dismiss that suit or transfer it to this District. The court recognizes the Seventh Circuit's clear holding that there is no *generally applicable* rule or presumption under § 1404(a) in favor of the first-filed forum. *See Research Automation*, 626 F.3d at 979-82. For example, as the Seventh Circuit noted, "[c]ourts have … departed from a first-to-file rule where one party files its lawsuit in anticipation of an impending suit by the opposing party." *Id*. at 980. That is not what happened here. As Judge Levy explained: "Because Galley filed in December alleging a breach of contract that occurred in October, his complaint does not reveal a 'race to the courthouse' …." *Galley*, 2015 WL 2349373, at *6 (citation omitted). Indeed, as Judge Levy also explained, it was *Kreutzig* who acted strategically in filing suit where and when he did: "Kreutzig's filing of a complaint in Illinois just 10 days after learning of Galley's suit in Maine suggests a quick response … designed to get home-court advantage." *Ibid*. (internal quotation marks omitted, ellipses in original).

To deny Galley's motion to transfer and allow this suit to remain in the Northern District of Illinois would have two seriously negative consequences. First, it would countenance—in fact, reward—Kreutzig for his transparently strategic attempt to shop for an Illinois forum upon being served with Galley's Maine complaint. Second, it would result in two mirror-image suits proceeding simultaneously in two different courts, with the attendant waste of judicial and private resources. Given these considerations, which are the most significant of the § 1404(a) factors under the particular facts and circumstances of *this* suit, the court exercises its discretion to transfer the suit to the District of Maine.

June 10, 2015

_____
United States District Judge

4